BELL v. FOX et al.

(Supreme Court, Appellate Division, Second Department. December 3, 1908.)

1. CONTRACTS (§ 287*)—BUILDING CONTRACTS—PERFORMANCE—CERTIFICATE OF PERFORMANCE.

A building contract provided that the building should be finished in good workmanlike manner to the satisfaction of a third person, as shown by his certificate. The third person became subsequently one of the owners of the premises, and alterations were made by him and the original

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party to the contract. *Held* not to dispense with the requirement of the contract as to the certificate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1308, 1309, 1314; Dec. Dig. § 287.*]

2. CONTRACTS (§ 287*)—BUILDING CONTRACTS—PERFORMANCE—CERTIFICATE OF PERFORMANCE.

Where a building contract required the certificate of a third person that the work had been finished in a workmanlike manner to his satisfaction, the contractor, failing to produce such a certificate and failing to show that the same was unreasonably withheld, could not enforce payments under the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1314, 1316; Dec. Dig. § 287.*]

Appeal from Special Term, Kings County.

Action by William Bell against Annie Fox and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

H. H. Snedeker, for appellants.
Charles W. Church, Jr., for respondent.

JENKS, J. The contract in this case provided that the building should be well and sufficiently erected and finished, agreeably to the drawings and specifications made and signed by the parties, and thereto annexed, within the time aforesaid, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of James D. Fox, to be testified by a writing or certificate under the hand of James D. Fox. It does not appear that any writing or certificate under the hand of James D. Fox was ever obtained by the plaintiff, and we fail to find either allegation in the complaint or testimony on the trial that the same was unreasonably withheld. It seems to us that such a certificate was a condition precedent under the contract.

The learned counsel for the respondent contends that the original contract was made with the defendant Annie Fox before title to the premises had been taken, and that thereafter the title was taken in the name of both defendants, and the alterations and changes were made by both defendants, so that the provision as to the certificate became unnecessary. But the contract was made with Annie Fox, and the question is not as to the alterations and the changes made, but as to whether the work was done in a good, workmanlike, and substantial manner. The mere fact that James D. Fox subsequently became one of the owners of the property did not dispense with the requirement of the contract as to his certificate as superintendent or overseer of the work.

The point is also made that the defendants in this action did not base the refusal to make payments under the contract upon the failure to produce this certificate, and we are cited to Tilden v. Buffalo Office Building Co., 27 App. Div. 510, 50 N. Y. Supp. 511. But that case does not go so far as the learned counsel for the respondent contends,

because it deals, not with the omission of the certificate, but with the proper form thereof.

The judgment must be reversed, and a new trial be granted, with costs to abide the final award of costs. All concur.