BELL v. FOX et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. CONTRACTS (§ 290*)—BUILDING CONTRACT—PERFORMANCE—CERTIFICATE OF PERFORMANCE.

Under a building contract providing that a house should be built in a good, workmanlike manner, to the satisfaction of a third person as shown by his certificate, where defendants asserted that the work had not been done, and particularized, if such action was a refusal to pay, it was not a waiver of the production of a certificate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1317; Dec. Dig. § 290.*]

2. PLEADING (§ 406*)—DEFECTS IN COMPLAINT—CURE BY ADMISSION OF EVIDENCE.

In an action by a contractor on a building contract, where plaintiff had not alleged a refusal to pay, a contention that the pleading was cured by the admission of evidence, without objection, of refusal to pay, was untenable, since the evidence was admissible on the question whether plaintiff had completed the building, or in what respect he had failed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1374; Dec. Dig. § 406.*]

3. CONTRACTS (§ 305*)—BUILDING CONTRACT—DEPARTURE—KNOWLEDGE.

In an action by a contractor on a building contract providing that the work should be done under the direction of one of the owners, departures from the contract, such as the outside dimensions of the building and its distance from the street line must have been known to the superintending owner and acquiesced in by him, and a finding favorable to plaintiff on this question should be sustained; but this is not so as to smaller details of construction.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1467; Dec. Dig. § 305.*]

4. CONTRACTS (§ 234*)—BUILDING CONTRACT—DEPARTURE.

In an action by a contractor on a building contract, where certain water pipes were to be placed outside a partition, and they were placed under or in the partition, such construction, being in violation of law and requiring correction, was a defect in performance for which defendants should be compensated.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1099; Dec. Dig. § 234.*]

5. CONTRACTS (§ 322*)—BUILDING CONTRACT—DEPARTURE—EVIDENCE.

In an action by a contractor on a building contract, where the plans required a room to be 9 feet 6 inches in depth, and it was constructed 8 feet 2 inches in depth, the departure could not be explained by plaintiff's statement that defendants desired the substitution of sliding for folding doors, and that this required more room in the partition, where the plans allowed 4 inches for the partition first proposed and the room was reduced 16 inches, since it is not credible that 20 inches would be used for the purposes of the partition.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1536, 1537; Dec. Dig. § 322.*]

6. CONTRACTS (§ 234*)—BUILDING CONTRACT—DEFECTS IN PERFORMANCE—DEDUCTIONS.

Where the court found that a building contract required that the heads and sides of windows and doors should be, but were not, flashed with tin, there should be either finding of waiver, supported by sufficient evidence, or allowance made for this item.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1099; Dec. Dig. § 234.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. APPEAL AND ERROR (§ 714*)—BILL OF PARTICULARS—RECORD.
　　A bill of particulars, although attached to the brief, is not a part of the record, and cannot be considered.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2958; Dec. Dig. § 714.*]

Appeal from Special Term, Kings County.

Action by William Bell against Annie Fox and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

See, also, 130 App. Div. 887, 114 N. Y. Supp. 1119.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

H. H. Snedeker, for appellants.
James C. Church, for respondent.

THOMAS, J. The plaintiff pleaded full performance of his agreement with defendant Annie Fox to build a house upon land of which both defendants later became tenants by the entirety, and also indebtedness for extra work. The contract provided that the plaintiff should build a house—

"in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of James D. Fox, to be testified by a writing or certificate under the hand of the said James D. Fox."

The answer denies performance by the plaintiff in several respects, and contains a counterclaim for damages. The court found due $170.65 for extra work and $1,104 on the contract, and that the plaintiff duly performed the contract on his part. It is also found that the defendants did not fulfill the contract in several particulars. This court reversed an earlier judgment, and in the opinion it is stated:

"It does not appear that any writing or certificate under the hand of James D. Fox was ever obtained by the plaintiff, and we fail to find either allegation in the complaint or testimony on the trial that the same was unreasonably withheld." 129 App. Div. 405, 113 N. Y. Supp. 231.

The opinion notices the contention that defendants did not base their refusal to pay upon the failure to produce the certificate. The plaintiff urges that this decision did not preclude the present decree by reason of facts appearing upon the later trial. These facts appear to be (1) that the checks received on a building loan, after inspection by the lender, were turned over to the plaintiff in payment of all installments under the contract, save a part of the final payment; (2) that the sole reason given by defendants for nonpayment was that they did not consider that any more was due; (3) that defendants' attorney, in his letter enumerating items of work unfinished, did not mention the certificate as reason for nonpayment, and that such suggestion was first offered on the first trial; (5) that a refusal to pay involved the refusal to give the certificate; (6) that the defendants waived the certificate; and (7) that, as evidence of waiver was re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceived without objection, omission of sufficient allegations in the complaint was also waived.

The defendants and their attorney asserted that the work had not been done, and particularized. If such action or declaration be equivalent to refusal to pay, yet it does not follow that the production of a certificate was waived. It would have been at least illogical had they based a refusal to pay upon the ground that the work had not been done and also upon the ground that the certificate that such work had been done had not been furnished. It would be trifling to mention the stipulated evidence of completion while asserting noncompletion. The plaintiff's argument is that a refusal to pay is equivalent to an unreasonable refusal to give a certificate. If this position were tenable, plaintiff is not helped, because he has not even alleged a refusal to pay. Hence there is no allegation of an unreasonable withholding of the certificate, nor of the alleged equivalent refusal to pay the amount claimed due. Further than this, there is no evidence that the defendants unconditionally refused to pay. The plaintiff testified:

"He never refused to pay it, because I never asked him. He said at that time he would not pay me until I fixed that bathroom."

The witness refers to a conversation with Fox. The original specifications required that the bathroom should be finished with Taylorite, presumably a concrete for floors. This was omitted upon the plaintiff's representation, as defendants urge, that the wooden floor, on a base of mortar, would comply with the law. As plaintiff states, defendant James D. Fox said the balance of the money was ready for him if he would finish the bathroom in the way he indicated, while the defendant testified that he did not promise to pay on such condition, but offered to bear the expense of complying with the law, provided the plaintiff would disconnect the plumbing in the bathroom. The plaintiff's contention that the evidence of refusal to pay, if such it be, was received without objection and cures the pleading, is untenable. The evidence was admissible on the question whether the plaintiff had completed the building, or in what respects he had failed.

But there are further reasons for reversing the judgment. The contract provided that the work should be done under the direction of James D. Fox, the husband and agent, and later one of the owners of the property. It is objected that the contract was not performed in many particulars. The original plans and specifications were modified by the parties before the contract was made. The plaintiff alleges, and the defendants deny, that modifications were made subsequent to the contract. Some of the defendants' objections relate to manifest departures, such as the length of the building. The plans were modified, so that there should not be a discrepancy of 6 inches in length between the two sides.

The plaintiff urges that in carrying out this modification it was intended that the whole building should be 47 feet, while the defendants claim that the intention was that it should be 46 feet 6 inches. This is a matter that must have been known to the superintending owner,

and the finding favorable to the plaintiff should be sustained. The same may be said of the location of the building. The front of the house was set back several feet from the line indicated by the plans. The defendants could not have failed to know of this change, and there is no evidence of dissent. But it does not follow that the defendants had or were required to have knowledge of all the detail of the work. It appears that the water pipes in the kitchen were to have been placed on the east side of the partition. They were in fact placed under or in the partition, and the plaintiff would excuse it upon the ground that the partition was moved west. The excuse is unreasonable, as such diversion of the partition would remove it from, and not towards, the appointed location of the water pipes. The location of the water pipes in the partition was a violation of law, and required correction, and defendants should be at least compensated for the same. The plans required that the bedroom back of the parlor should be 9 feet 6 inches in depth, but it was constructed 8 feet 2 inches in depth. The plaintiff's explanation is that the defendants desired the substitution of sliding for folding doors, and that this required more room in the partition. However, the plans allowed 4 inches for the partition first proposed. The room was reduced 16 inches. It is not credible that 20 inches would be used for the purposes of the partition. Some better explanation and disposition of this item should be presented.

The court has found that the contract required that the heads and sides of windows and doors should be, but were not, flashed with tin. There should be either finding of waiver, supported by sufficient evidence, or allowance to be made for this item. There is much evidence tending to show the absence of proper and sufficient bridging, which should be carefully considered if a retrial be had. The court has allowed $6 for failure to enamel the bathtub as required. This item also shows nonperformance of the contract. There is absolutely no evidence to show that $6 is the proper allowance. It is claimed that it is so stated in the bill of particulars. The bill of particulars, although attached to the respondent's reply brief, is not a part of the record. It is not necessary to discuss the weight of evidence as to other doubtful items.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.